**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SHARON KAY KILLEBREW,

    Defendant.
_____/

**FILED - GR**
June 12, 2025 2:21 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JW /6-12

**FELONY INFORMATION**

**1:25-cr-91**

**Hala Y. Jarbou**
**Chief U.S. District Judge**

The Acting United States Attorney charges:

## General Allegations

At all times material to this Felony Information:

1. Early Learning Neighborhood Collaborative ("ELNC") was a Michigan nonprofit organization under Section 501(c)(3) of the Internal Revenue Code with its principal place of business in Grand Rapids, Michigan.

2. ELNC applied for and obtained grants from the U.S. Department of Health and Human Services Early Head Start Program and other sources. At various times, ELNC used the money obtained from these grants to fund early learning education centers in Grand Rapids, Kalamazoo, and Battle Creek, Michigan.

3. From 2011 until 2023, the Defendant, SHARON KAY KILLEBREW, was employed by ELNC, through her company, Shared Blessings, initially as financial consultant and later as Director of Finance and Administration, and as such was an agent of ELNC.

4. As a contract employee of ELNC, Defendant SHARON KAY KILLEBREW's duties included bookkeeping, preparing and issuing IRS Form 1099s, fund raising, grant writing, managing ELNC's administrative team, oversight of ELNC's budget, oversight of ELNC's financial reporting to Federal, State of Michigan, and private funding sources, making reports to

ELNC's Board of Directors, and developing ELNC's policies and procedures.

5.      In order to perform her duties, Defendant SHARON KAY KILLEBREW had access to ELNC's QuickBooks software which ELNC used to prepare financial and payroll reports. These reports were then submitted to Mercantile Bank to be used in preparation of tax forms, including, but not limited to, IRS Forms 1099, 941 and W-2 for ELNC employees and subcontractors.

6.      As part of her duties, Defendant SHARON KAY KILLEBREW also had authority to review and approve the payment of invoices, record invoices in QuickBooks ledgers as expenses, and submit ELNC payments to CO-CONSPIRATOR 1, who was an agent of ELNC, for final approval and issuance.

7.      In calendar years 2016-2023, ELNC received benefits in excess of $10,000 under a federal program involving a grant, contract, subsidy, loan, guarantee, insurance, or other form of federal assistance. Specifically, for each of those years, ELNC received more than $10,000 in Early Head Start federal grants from the U.S. Department of Health and Human Services. The federal funds received by ELNC from the U.S. Department of Health and Human Services were property owned by, and under the care, custody, and control of, ELNC.

## COUNT 1

### (Conspiracy to Commit Theft From a Program Receiving Federal Funds)

1.      The General Allegations above are hereby incorporated in this Count.

2.      From in or about 2016 through in or about 2023 in the Southern Division of the Western District of Michigan,

**SHARON KAY KILLEBREW**,

an agent of ELNC, knowingly and intentionally combined, conspired, confederated, and agreed

with CO-CONSPIRATOR 1 and persons known and unknown to embezzle, steal, obtain by fraud, intentionally misapply, and otherwise without authority knowingly convert to her own use and the use of others property that was owned by, and under the care, custody, and control of ELNC.

3. At all pertinent times, that is, in any one-year period during 2017-2023, ELNC received benefits in excess of $10,000 under a federal program involving a grant, subsidy, loan, guarantee, insurance, or other form of federal assistance.

4. At all pertinent times, that is, in any one-year period, the ELNC property that SHARON KAY KILLEBREW conspired to embezzle, steal, obtain by fraud, intentionally misapply, and otherwise without authority knowingly convert to her own use and the use of others was valued at $5,000 or more.

## OBJECT, MANNER, and MEANS

5. The object of the conspiracy was for Defendant SHARON KAY KILLEBREW and CO-CONSPIRATOR 1 to unlawfully enrich themselves and others. From 2017 through 2023, Defendant SHARON KAY KILLEBREW embezzled and converted to her own use or the use of others $1,170,935 from ELNC.

6. As part of the conspiracy, SHARON KAY KILLEBREW generated fictitious invoices for goods and services never received by ELNC and submitted them for approval to CO-CONSPIRATOR 1. CO-CONSPIRATOR 1 approved the invoices on behalf of ELNC, and payments were disbursed from ELNC to SHARON KAY KILLEBREW or her contracting business, Shared Blessings. SHARON KAY KILLEBREW kept a portion of the embezzled money for herself and sent a portion of the embezzled money to CO-CONSPIRATOR 1 or other individuals and entities at CO-CONSPIRATOR 1's direction.

7. As part of the conspiracy, SHARON KAY KILLEBREW concealed the

embezzlement and theft of money by, among other things, not including the embezzled and stolen funds on IRS Form 1099s or IRS Form W-2s to herself and CO-CONSPIRATOR 1. SHARON KAY KILLEBREW also concealed the embezzlement from ELNC's Board of Directors and ELNC's donors.

8.    As part of the conspiracy, SHARON KAY KILLEBREW was aware that CO-CONSPIRATOR 1 caused ELNC to issue hundreds of thousands of dollars in payments to individuals and companies who performed no work or services for ELNC or the preschools and programs it funded. SHARON KAY KILLEBREW knew the payments were fraudulent, and allowed the payments to be processed and did not inform ELNC's Board of Directors or ELNC's donors.

## OVERT ACTS

9.    At least one of the conspirators accomplished at least one of the following overt acts to effect the object of the conspiracy, within the Western District of Michigan.

10.    On or about October 16, 2017, SHARON KAY KILLEBREW submitted a false work invoice to ELNC for payment of $45,000 to her company Shared Blessings which falsely claimed she performed work under ELNC's Early Head Start contract. CO-CONSPIRATOR 1 approved the false invoice for payment.

11.    On or about October 16, 2017, SHARON KAY KILLEBREW's company Shared Blessings was paid $45,000 by ELNC for the false work invoice. On or about October 23, 2017, SHARON KAY KILLEBREW wrote a check for $22,500, or half the $45,000 false work invoice, payable to CO-CONSPIRATOR 1.

12.    On or about January 3, 2018, SHARON KAY KILLEBREW submitted a false work invoice to ELNC for payment of $45,000 to her company Shared Blessings which falsely

claimed she performed work under ELNC's Early Head Start contract, and ELNC subsequently paid Shared Blessings for the false work invoice.

13. On or about January 3, 2018, SHARON KAY KILLEBREW's company Shared Blessings was paid $45,000 by ELNC for the false work invoice. On or about January 11, 2018, SHARON KAY KILLEBREW wrote a check for $22,500, or half the $45,000 false work invoice, payable to CO-CONSPIRATOR 1.

14. On or about April 16, 2018, SHARON KAY KILLEBREW submitted a false work invoice to ELNC for payment of $129,000 in two payments of $64,500 to her company Shared Blessings which falsely claimed she performed work under one of ELNC's private grants. CO-CONSPIRATOR 1 approved the false invoice for payment.

15. On or about April 17, 2018, SHARON KAY KILLEBREW's company Shared Blessings was paid $64,500 by ELNC for the false work invoice.

16. On or about April 24, 2018, SHARON KAY KILLEBREW's company Shared Blessings was paid $64,500 by ELNC for the false work invoice.

17. On or about April 30, 2018, SHARON KAY KILLEBREW wrote a check payable for $64,500, or half the $129,000 false work invoice, to CO-CONSPIRATOR 1.

18. On or about April 28, 2019, SHARON KAY KILLEBREW submitted a false work invoice to ELNC for payment of $30,000 to her company Shared Blessings which falsely claimed she performed work under ELNC's Early Head Start contract and other contracts.

19. On or about April 30, 2019, SHARON KAY KILLEBREW's company Shared Blessings was paid $30,000 by ELNC for the false work invoice.

20. Between on or about September 9, 2019, and September 16, 2019, Killebrew wrote three checks totaling $22,500 to CO-CONSPIRATOR 1.

21. On or about March 31, 2020, SHARON KAY KILLEBREW submitted a false work invoice to ELNC for payment of $57,000 to her company Shared Blessings which falsely claimed she performed work under ELNC's contract for Technical Assistance for Social Change.

22. On or about March 31, 2020, SHARON KAY KILLEBREW's company Shared Blessings was paid $57,000 by ELNC for the false work invoice.

23. Between March 30, 2020, and April 4, 2020, SHARON KAY KILLEBREW wrote four checks totaling $28,500 to a CO-CONSPIRATOR 1's limited liability company and another person at CO-CONSPIRATOR 1's direction.

24. On or about August 20, 2020, SHARON KAY KILLEBREW submitted a false work invoice to ELNC for payment of $57,000 to her company Shared Blessings which falsely claimed she performed work under ELNC's contract for Technical Assistance for Social Change.

25. On or about August 20, 2020, SHARON KAY KILLEBREW's company Shared Blessings was paid $57,000 by ELNC for the false work invoice.

26. On or about August 20, 2020, SHARON KAY KILLEBREW wrote three checks totaling $30,000 to CO-CONSPIRATOR 1, CO-CONSPIRATOR 1's limited liability company, and another person at CO-CONSPIRATOR 1's direction.

27. On or about December 11, 2020, SHARON KAY KILLEBREW submitted a false work invoice to ELNC for payment of $45,600 to her company Shared Blessings which falsely claimed she performed work under ELNC's contract for Technical Assistance for Social Change.

28. On or about December 11, 2020, SHARON KAY KILLEBREW's company Shared Blessings was paid $45,60 by ELNC for the false work invoice.

29. On or about December 11, 2020, SHARON KAY KILLEBREW wrote a check for $10,000 to another individual at CO-CONSPIRATOR 1's direction.

30. On or about October 22, 2021, SHARON KAY KILLEBREW submitted a false work invoice to ELNC for payment of $35,000.

31. On or about October 22, 2021, SHARON KAY KILLEBREW was paid $35,000 by ELNC for the false work invoice.

32. Between October 2021 and November 30, 2021, SHARON KAY KILLEBREW wrote checks totaling $19,000 to a company and another individual at CO-CONSPIRATOR 1's direction.

33. In or about December 2021, CO-CONSPIRATOR 1 fraudulently caused ELNC to issue two $100,000 checks to a limited liability company. SHARON KAY KILLEBREW knew the payments were fraudulent and that the limited liability company performed no work or services for ELNC and the preschools and programs it funded. SHARON KAY KILLEBREW printed the checks at the request of CO-CONSPIRATOR 1.

34. From in or about 2020 through in or about March 2023, SHARON KAY KILLEBREW knew that CO-CONSPIRATOR 1 fraudulently caused ELNC to issue hundreds of thousands of dollars in payments to individuals and companies that performed no work for ELNC or the preschools and programs it funded. SHARON KAY KILLEBREW knew the payments were fraudulent and she did not inform ELNC's Board of Directors or ELNC's donors.

**18 U.S.C. § 371**
**18 U.S.C. § 666(a)(1)(A)**

## COUNT 2
(Attempt to Evade and Defeat Federal Income Tax)

1. The General Allegations are incorporated herein.

2. During the calendar year 2020, the Defendant, SHARON KAY KILLEBREW, a resident of Kent County, Michigan, received taxable income upon which there was income tax due and owing to the United States of America.

3. Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2021, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, from in or about January 2020 through in or about October 2024, in the Western District of Michigan and elsewhere, the Defendant,

**SHARON KAY KILLEBREW**,

willfully attempted to evade and defeat income tax due and owing by her to the United States of America for the calendar year 2020 by committing the following affirmative acts, among others: submitting a false IRS Form 1099 that understated her taxable income.

**26 U.S.C. § 7201**

Dated: June 12, 2025

ANDREW BYERLY BIRGE
Acting United States Attorney

_____
CLAY STIFFLER
Assistant United States Attorney